In the Matter of the Application of EDWARD C. BURKE, Petitioner, Respondent, for an Order against JOSEPH D. McGOLDRICK, as Comptroller of the City of New York, and Others, Appellants, Impleaded with PETER J. McGUINNESS, as Register of the County of Kings, City of New York, Respondent.

Second Department, November 12, 1940.

*Charles F. Murphy* [*William C. Chanler, Corporation Counsel; Paxton Blair* with him on the brief], for the appellants.

*Edward C. Burke,* petitioner, respondent, in person.

*Luke O'Reilly,* for the defendant, respondent.

PER CURIAM. On June 29, 1939, by appointment of the register of the county of Kings, pursuant to chapter 706 of the Laws of 1901 and acts amendatory thereof, there were three persons occupying the position of assistant comparer in the office of the register of the county of Kings. On that day petitioner, who was the youngest in point of service, was notified by the register that his services would cease on July 1, 1939, because the appropriation by the board of estimate for the fiscal year beginning July 1, 1939, was for two assistant comparers only.

It is conceded that it was the duty of the board of estimate to have made an appropriation for the salary of three assistant comparers and that petitioner is entitled to reinstatement. The only question before the court is as to the amount of the salary to which petitioner is entitled upon reinstatement. The appointment of petitioner was regular. His salary had been duly increased from time to time until on June 30, 1939, it was $2,820 per annum. The action of the board of estimate was an abortive attempt to abolish one of the positions. The position continues to exist and the act of the register in discharging petitioner constituted an illegal removal. It was illegal because there were no charges against him nor opportunity to answer in writing, as required by subdivision 2 of section 22 of the Civil Service Law. Upon reinstatement after such illegal dismissal, the holder of the position is entitled to receive the salary to which he was entitled at the time of discharge. (Civ. Service Law, § 23.)

For the foregoing reasons the order appealed from should be affirmed, with fifty dollars costs and disbursements to petitioner.

Present — LAZANSKY, P. J., HAGARTY, JOHNSTON, ADEL and CLOSE, JJ.

Final order, as resettled, unanimously affirmed, with fifty dollars costs and disbursements to petitioner.